J-S13011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CAROL ANN WHARY | |
| Appellant | No. 835 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 25, 2021
In the Court of Common Pleas of Northumberland County
Criminal Division at No.: CP-49-CR-0000803-2020

BEFORE:  STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: JUNE 16, 2022**

Appellant Carol Ann Whary appeals from the May 25, 2021 judgment of sentence entered in the Court of Common Pleas of Northumberland County ("trial court"), following her jury convictions for, *inter alia*, three third-degree misdemeanor counts of neglect of animal—failure to provide veterinary care.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by the trial court:

> Probation Officer Casey Fisher visited [Appellant] at her residence on 622 East Commerce Street in the City of Shamokin. [Appellant] was under supervision by Officer Fisher for an unrelated matter at the time of these charges.  While inside

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5532(a)(3).

[Appellant's] residence, Officer Fisher noticed unsanitary conditions, multiple cats with various ailments and a macaw parrot. Officer Fisher called [the Society for the Prevention of Cruelty to Animals (SPCA)] Officer Jennifer Nields. Upon arrival, Officer Nields observed animal feces piled two to three inches high in front of a space heater and a kitten with pus around his eyes. Both Officer Nields and Officer Fisher took pictures of the various animals and the residence. [Appellant] had a history with the SPCA and had previously been cited for similar animal related situations.

While discussing these findings with [Appellant], Officer Nields learned that [Appellant] had moved several cats from this residence to another residence at 439 Trevorton Road, Zerbe Township in an attempt to hide the number of cats she had. Another SCPA officer travelled to that location and observed unsanitary conditions in that home as well, including trash bags piled several feet high in the residence. As a result of these findings, SPCA Officer Nields applied for a search warrant for both residences.

Upon execution of the warrant, multiple cats were seized from both addresses over several days. A total of twenty-eight cats and one exotic bird were confiscated by the SPCA. All of the cats had evidence of significant neglect including being under weight, sore eyes, and various other ailments. An SPCA veterinarian testified to the extent of the various maladies affecting these cats, and the veterinarian testified that most, if not all, of the ailments could have been alleviated by taking the animals to a veterinarian.

The evidence presented at trial showed that three (3) cats, Puff, Fluffkins, and Lava Cake, had serious veterinary needs that should have been addressed by [Appellant]. Puff had ocular discharge, a severe respiratory infection, and discharge from the left eye showing inflammation, infection and pain. [Importantly, according to the veterinarian, Puff had "blepharospasm, which means squintiness of the eyes from pain and irritation. The tissue around the eye was severely swollen, obstructing his eyes so that he was not able to see normally." N.T. Trial, 4/16/21, at 79.] Fluffkins [also suffered from blepharospasm,] had a severe respiratory infection and inflammation of both eyes. He or she also had a scar showing signs of an ulcer which required pain medication. Lava Cake had a severe respiratory infection, a

[severe] fever, conjunctivitis, and tape worms. [*Id.* at 81-82. The veterinarian observed that Lava Cake "was too thin, and needed to gain at least one to two pounds." *Id.* at 82. Additionally, Lava Cake's conjunctivitis was described as "thickened, swollen, reddened tissue around the eyes and discharge from the nose." *Id.*]

Trial Court Opinion, 12/30/21, at 1-2 (footnote omitted). Following trial, the jury convicted Appellant of three third-degree misdemeanor counts of neglect of animal—failure to provide veterinary care.[2] On May 25, 2021, the trial court sentenced Appellant to, *inter alia*, an aggregate sentence of 18 months' probation. Appellant did not file any post-sentence motions. On June 18, 2021, she appealed to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues only that the evidence was insufficient to find her guilty of three third-degree misdemeanor counts of neglect of animal—failure to provide veterinary care—because the Commonwealth failed to establish that the neglect caused any bodily injury or put the animals at imminent risk of serious bodily injury. Appellant's Brief at 8.

A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

---

[2] Although the jury found Appellant not guilty of one count of aggravated cruelty to animals, it did find her guilty of nine summary counts of neglect of animals—failure to provide veterinary care—and 29 summary counts of neglect of animals—failure to provide sanitary shelter and protection. These convictions are not at issue in this appeal.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014),

*appeal denied*, 95 A.3d 275 (Pa. 2014).

Section 5532 of the Crimes Code, relating to neglect of animals, provides:

**(a) Offense defined.--**A person commits an offense if the person fails to provide for the basic needs of each animal to which the person has a duty of care, whether belonging to himself or otherwise, including any of the following:

(1) Necessary sustenance and potable water.

(2) Access to clean and sanitary shelter and protection from the weather. The shelter must be sufficient to permit the animal to retain body heat and keep the animal dry.

(3) *Necessary veterinary care*.

**(b) Grading.--**

- 4 -

> (1) Except as set forth in paragraph (2), a violation of this section is a summary offense.
>
> (2) If the violation causes **bodily injury to the animal or places the animal at imminent risk of serious bodily injury**, a violation of this section is a misdemeanor of the third degree.

18 Pa.C.S.A. § 5532 (emphasis added).  Bodily injury, as it relates to animals, is defined as "**impairment of physical condition** or substantial pain."  18 Pa.C.S.A. § 5531 (Definitions) (emphasis added).  Relatedly, serious bodily injury is defined as "[b]odily injury that creates a substantial risk of death or causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ." **Id.**

Instantly, based upon the evidence presented at trial, as detailed above and viewed in a light most favorable to the Commonwealth, we agree with the trial court's conclusion that the Commonwealth proved beyond a reasonable doubt that Appellant committed three counts of third-degree misdemeanor neglect of animal—failure to provide veterinary care.  The evidence presented at trial showed that three cats, specifically Puff, Fluffkins, and Lava Cake, had serious veterinary needs while in Appellant's care that should have been addressed by Appellant.  Puff had ocular discharge, a severe respiratory infection, and discharge from the left eye showing inflammation, infection and pain.  According to the veterinarian, Puff had blepharospasm, which means squintiness of the eyes from pain and irritation.  The tissue around Puff's eye was severe swollen, obstructing his eyes so that he was not able to see normally.  Fluffkins also suffered from

blepharospasm, had a severe respiratory infection and inflammation of both eyes. In addition, Fluffkins had a scar showing signs of an ulcer which required pain medication. Finally, Lava Cake had a severe respiratory infection, a severe fever, conjunctivitis, and tape worms. The veterinarian observed that Lava Cake was too thin. Lava Cake's conjunctivitis was described as thickened, swollen, reddened tissue around the eyes and discharge from the nose. Thus, in light of the foregoing, we conclude that the Commonwealth presented evidence beyond a reasonable doubt establishing that Appellant indeed caused Puff, Fluffkins and Lava Cake to suffer an impairment of physical condition by failing to provide them with proper veterinary care. Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2022